IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | | |
|---|---|---|
| **61 BAR AND GRILL, LLC,**<br>*Plaintiff,* | §<br>§<br>§<br>§ | CIVIL ACTION NO. 5:23-cv-114-DCB-FKB |
| VS. | §<br>§<br>§ | |
| **CRUM & FORSTER SPECIALTY INSURANCE COMPANY, SIGNATURE INSURANCE AGENCY, LLC, SHIRLENE RICHARDSON AND JOHN DOES 1-5,**<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§ | Removed from the Circuit Court of<br>Jefferson County, Mississippi<br>Case No. 2023-87 |

## NOTICE OF REMOVAL

COMES NOW Defendant CRUM & FORSTER SPECIALTY INSURANCE COMPANY (hereinafter referred to as "Defendant CFSIC") and pursuant to 28 U.S.C. §1446 gives notice of removal of the above-captioned lawsuit from the Circuit Court of Jefferson County, Mississippi to the United States District Court for the Southern District of Mississippi, Western Division. As grounds for removal of this case, Defendant CFSIC states that removal is proper under 28 U.S.C. §§1332, 1441 and 1446 because the non-diverse defendants to this suit, SIGNATURE INSURANCE AGENCY, LLC and SHIRLENE RICHARDSON (hereinafter collectively referred to as the "Agency Defendants"), were improperly joined. Therefore, complete diversity exists.

1.     On or about November 7, 2023, Plaintiff 61 BAR AND GRILL, LLC (hereinafter referred to as "Plaintiff") filed this lawsuit in the Circuit Court of Jefferson County, Mississippi against Defendants CFSIC, Signature Insurance Agency and Shirlene Richardson. A true and correct copy of the complaint is attached hereto as Exhibit 1.

2.     Plaintiff served Defendant CFSIC with copies of the Summons and Complaint on November 21, 2023. This Notice of Removal is filed within thirty (30) days of service upon Defendant CFSIC. Therefore, removal is timely under 28 U.S.C. §1446(b).

1

3. This action is one of a civil nature for damages caused by alleged wrongful denial of benefits by Defendant CFSIC in relation to Plaintiff's claim for property damage following a fire loss under an insurance contract between Plaintiff and Defendant CFSIC. A true and correct copy of the Policy is attached hereto as Exhibit 3. The Agency Defendants were not parties to the insurance contract. *See* Exhibit 3.

4. Plaintiff asserts the following causes of action against all Defendants: (1) breach of contract; (2) contractual breach of implied covenant of good faith and fair dealing; (3) tortious breach of implied covenant of good faith and fair dealing; (4) bad faith; (5) Deceptive and Unfair Trade Practices, M.C.A. §75-24-5; and (6) misrepresentation. *See* Exhibit 1. There are no independent or separate allegations made against the Agency Defendants. *See id.*

5. Removal is proper under 28 U.S.C. §1332(s), as further shown below, because complete diversity of citizenship exists between Plaintiff and Defendant CFSIC and because the Agency Defendants are improperly joined, non-diverse parties against whom Plaintiff has no possibility of recovering, and their citizenship, therefore, should not be considered for the determination of diversity jurisdiction. Also, as required for federal diversity jurisdiction, the amount in controversy exceeds $75,000, excluding interests and costs.

6. <u>Citizenship of Plaintiff</u>: Upon information and belief, Plaintiff is a citizen of Jefferson County, Mississippi. *See* Exhibit 1, ¶1.

7. <u>Citizenship of Defendant CFSIC</u>: Defendant CFSIC was and is a Delaware incorporated insurance company, with its principal place of business located in Morristown, New Jersey. Defendant CFSIC is therefore not a citizen of the state of Mississippi for diversity purposes.

8. <u>Citizenship of Agency Defendants</u>. Upon information and belief, the Agency Defendants are both citizens of Jackson, Mississippi. *See* Exhibit 1, ¶¶3 and 4.

9.  <u>Consent</u>.  Agency Defendants consent to the removal of this action.

10.  <u>Amount in Controversy</u>.  The amount in controversy exceeds the jurisdictional threshold sum or value of $75,000., exclusive of interest and costs, giving rise to original federal court jurisdiction pursuant to 28 U.S.C. §1332(a).  Specifically, Plaintiff alleges in its Complaint that it seeks general and/or special damages in the amount of $2,500,000 and punitive damages in the amount of $1,000,000.  *See* Exhibit 1 at p. 8.

11.  <u>Venue</u>.  This Notice of Removal is filed in the United States District Court for the Southern District of Mississippi, Western Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §1446(a).

12.  The United States District Court has original jurisdiction under 28 U.S.C. §1332.  This action is removable under 28 U.S.C. §1441(a) and (b).

13.  The doctrine of improper joinder is well recognized in the Fifth Circuit, and the diverse party can remove the case to federal court when there is no possibility of recovery by the plaintiff against the non-diverse, improperly joined defendant.  *E.g., Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).  Stated differently, this means "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).  To that end, the court may either conduct a Rule 12(b)(6) type analysis, or in certain instances, "pierce the pleadings" and make a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the instate defendant."  *Id.* at 573-74.

14.  Under Mississippi law, an insured is under strict duty to read its policy of insurance.  In *Mladineo v. Schmidt*, 52 So.3d 1154 (Miss.2010), the Supreme Court of Mississipp reiterated this duty.  In *Mladineo*, the insured sued its insurer and agent alleging wrongful denial of benefits under a property policy as a result of damages caused by Hurricane Katrina.  With respect to the

agent, the insured alleged that he sought "hurricane insurance" that would also provide for flood protection. The insured testified that he expressly requested flood coverage. Following Katrina, he sought coverage for damage caused by the storm, including flood damage to his home. The policy excluded coverage for water damage due to flood, and that portion of the claim was denied. Importantly, the insured testified that he did not read his policy. *Id.* at 1157. The plaintiff asserted claims for negligent procurement and misrepresentation against the agent. The trial court granted summary judgment in favor of the agent on all claims. On appeal, the Supreme Court affirmed judgment as a matter of law on the procurement and misrepresentation claims, holding:

> This Court has held as a matter of law that an insured is charged with the knowledge of the terms of the policy upon which he or she relies for protection. *Atlas Roofing Mfg. Co., Inc. v. Robinson & Julienne, Inc.*, 279 So.2d 625, 629 (Miss.1973). Again, we emphasized that "knowledge of an insurance policy is imputed to an insured regardless of whether the insured read the policy." *Oaks v. Sellers*, 953 So.2d 1077, 1083-84 (Miss.2007). This Court repeatedly has held this. *See Stephens v. Equitable Life Assurance Soc'y of U.S.*, 850 So.2d 78, 83 (Miss.2003) ("insureds are bound as a matter of law by the knowledge of the contents of a contract in which they entered notwithstanding whether they actually read the policy"); *Cherry v. Anthony, Gibbs, Sage*, 501 So.2d 416, 419 (Miss.1987) ("Even if [the insureds] had not [read the subject insurance policy], knowledge of its contents would be imputed to them as a matter of law."); *Zepponi v. Home Ins. Co.*, 248 Miss.828, 833-34, 161 So.2d 524 (Miss.1964) (holding as a matter of law that whether the insured's mortgagee required insurance and had possession of the subject insurance policy, the insured is charged with knowledge of the terms of the policy because he relied on the policy for protection). Thus, the "duty-to-read" and "imputed knowledge" doctrines are firmly rooted in Mississippi precedent.[1]

\*\*\*

> We repeatedly have held, "insureds are bound as a matter of law by the knowledge of the contents of a contract in which they entered notwithstanding whether they actually read the policy. Any alleged oral agreement . . . does not have any effect on the written insurance contract." *Stephens v. Equitable Life Assurance Soc'y of U.S.*, 850 So.2d 78, 83 (Miss.2003). This Court further stated that a

---

[1] *Mladineo v. Schmidt*, 52 So.3d 1154, 1161-62 (Miss.2010).

contracting party "will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract." *Id.* (quoting *Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co.*, 584 So.2d 1254, 1257 (Miss.1991)).

*Mladineo v. Schmidt*, 52 So.3d 1154, 1165 (Miss.2010). In other words, "misrepresentations that could have been cleared up by reading the policy" are not a basis upon which a procurement claim can be made.

15. In this instance, the insurance contract between Plaintiff and Defendant CFSIC includes form SB211-0516 Fire Protective Safeguards, which unambiguously requires a currently tagged automatic fire extinguishing system over all cooking surfaces:

| Prem No. | Bldg. No. | Protective Safeguards Symbols Applicable | Describe any "P-9" | Name and Address of Outside Central Station Service or Fire Station that responds |
|---|---|---|---|---|
| 1 | 1 | P-9 | Currently tagged automatic fire extinguishing system over all cooking surfaces. | On file. |

*See* Exhibit 3, p. 79 of 95.

16. The insurance contract unambiguously excludes coverage for fire losses if the insured fails to maintain any protective safeguard listed in the Schedule above in complete working order:

We will not pay for loss or damage caused by or resulting from fire if, prior to the fire, you:

1. Knew of any suspension, malfunction or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact;

2. Failed to maintain any protective safeguard listed in the Schedule above in complete working order;

*See* Exhibit 3, p. 80 of 95.

17. Here, Plaintiff's fire loss claim with Defendant CFSIC was denied because there was no currently tagged automatic fire extinguishing system over all cooking surfaces, which was

unambiguously required by the policy. A true and correct copy of Defendant CFSIC's written denial to Plaintiff, dated October 17, 2023, is attached hereto as Exhibit 4.

18. Regardless of whether Plaintiff relied on the Agency Defendants to determine the nature and amount of insurance coverage, a review of the policy would have revealed the limitations of the coverage provided by the policy. Further, Plaintiff has not pleaded viable causes of action against the Agency Defendants – only a claim for policy benefits and bad faith. As the Agency Defendants are not parties to the insurance contract, they cannot be liable for contractual or extra-contractual claims, regardless of the propriety of the claim decision. As a result, Plaintiff cannot establish a cause of action against the non-diverse Agency Defendants, and their citizenship should be disregarded in exercising jurisdiction over this action.

19. Copies of all the process and pleadings served upon Defendant CFSIC in this case are contained within the attached Exhibit 1. A complete copy of the court file for Case No. 2023-87 in the Circuit Court of Jefferson County, Mississippi is attached as Exhibit 2. A true and correct copy of the Civil Case Cover Sheet is attached as Exhibit 5.

21. Notice of this removal is being filed with the Clerk of the Circuit Court of Jefferson County, Mississippi, as provided by law. A true and correct copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit 6.

22. If any question arises as to the propriety of the removal of this action, Defendant CFSIC requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed.

23. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendant CFSIC's right to assert any defense or affirmative matter including any procedural or substantial defense available.

WHEREFORE, PREMISES CONSIDERED, Defendant CFSIC prays this Court will consider this Notice of Removal as provided by the law governing removal of cases to this Court, make the proper orders to achieve the removal of this cause from the Circuit Court of Jefferson County, Mississippi to this Court, and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the said Circuit Court.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, LLP

By: */s/ Mark Hill*
    Mark Hill
    Mississippi State Bar No. 106603
    650 Poydras Street, Suite 2105
    New Orleans, Louisiana 70130
    Telephone: (504) 526-4320
    Facsimile: (504) 526-4310
    mhill@thompsoncoe.com

    Jennifer M. Kearns
    *Pro Hac Vice Application to be Submitted*
    One Riverway, Suite 1400
    Houston, Texas 77056
    Telephone: (713) 403-8276
    jkearns@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT,
CRUM & FORSTER SPECIALTY
INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

    I hereby certify that to the best of my knowledge all counsel of record consent to and participate in receiving electronic notification from the CM/ECF system, and that the Clerk of the Court for the Southern District of Mississippi, using the CM/ECF system, will electronically send notification of the filing of this pleading to all counsel of record.

                                                           /s/ *Mark Hill*
                                                           Mark Hill